# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ALEXANDER A. BUZZ,

    Petitioner,

    v.

CHARLES DANIELS, *et al.*,

    Respondents.

Case No. 2:26-cv-00863-RFB-MDC

**ORDER**

Petitioner Alexander A. Buzz, proceeding *pro se*, commenced this habeas action by filing a Petition for Writ of Habeas Corpus and an application to proceed *in forma pauperis* ("IFP"). See ECF Nos. 1-1, 5. This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court finds the petition is wholly unexhausted and dismisses the petition without prejudice accordingly.

## I.    BACKGROUND

Buzz challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In 2021, the state district court entered a judgment of conviction for murder (second degree). The state district court sentenced Buzz to 120 to 300 months. He did not file a direct appeal. In March 2026, Buzz initiated the instant federal habeas corpus proceedings. ECF No. 1-1. In April 2026, Buzz filed a state habeas petition that remains pending before the state district court. See Buzz v. Dzurenda, Case No. A-26-944566-W.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    DISCUSSION

Here, Buzz has not properly commenced this action as the petition is subject to substantial defects. Specifically, Buzz has not demonstrated that he has fully exhausted his state court remedies.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is meant to give state courts the first opportunity to review and correct alleged violations of federal constitutional guarantees as a matter of federal-state comity. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. See id. (claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'") (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)); see also Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

The state court docket indicates that a petition for writ of habeas corpus is currently pending before the state district court. On that basis, the Court finds Petitioner's claims are wholly unexhausted. Accordingly, the Court dismisses the petition without prejudice.

## III.    CONCLUSION

IT IS THEREFORE ORDERED Petitioner Alexander A. Buzz's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED without prejudice.

IT IS FURTHER ORDERED Petitioner's IFP Application (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to enter judgment accordingly and close this case.

**DATED:** June 5, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**